**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPHINE McGOWAN,

      Plaintiff - Appellant,

v.

WAL-MART STORES,

      Defendant - Appellee.

No. 18-1397
(D.C. No. 1:18-CV-01564-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

    Ms. Josephine McGowan asserted *pro se* claims against Wal-Mart

Stores for a slip-and-fall on its property. The district court dismissed the

action without prejudice, ruling that the claims were barred by the *Rooker-*

*Feldman* doctrine and Colorado's statute of limitations. Though the

_____

[*]    Because oral argument would not materially aid our consideration of this appeal, we have decided the appeal based on Ms. McGowan's brief and the record. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited as otherwise appropriate. *See* Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

*Rooker-Feldman* doctrine doesn't apply, the claims are untimely. So we affirm the dismissal.

## 1.  Background

Ms. McGowan alleges that she injured herself in 2013 when she slipped in a Wal-Mart store. She first sued Wal-Mart in Colorado state court. Almost five years after the alleged slip-and-fall, Ms. McGowan brought this federal lawsuit against Wal-Mart.

## 2.  The *Rooker-Feldman* Doctrine

The district court ruled that Ms. McGowan's claims were jurisdictionally barred by the *Rooker-Feldman* doctrine. On this issue, we engage in de novo review. *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788–89 (10th Cir. 2008). In conducting this review, we conclude that the *Rooker-Feldman* doctrine does not apply.

"The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). This prohibition is triggered when the state court's judgment caused the alleged injury. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006). Thus, the doctrine applies when the plaintiff asks a federal court to alter a state court's judgment. *See, e.g., Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (noting that requests for federal declaratory judgments nullifying state court orders "are precisely the types of claims encompassed by the *Rooker-Feldman* doctrine").

But the doctrine applies only to claims resting on allegations involving the state-court proceedings. If a federal action merely realleges claims adjudicated earlier in state court, the law of preclusion applies rather than the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Bolden*, 441 F.3d at 1139.

Ms. McGowan's federal claims do not rest on a state-court order; in fact, her federal complaint does not even mention the state-court lawsuit against Wal-Mart. Though the claims in the federal and state lawsuits appear duplicative, the potential defect in the federal suit would involve claim preclusion rather than the *Rooker-Feldman* doctrine.[1] So the district court erred in basing the dismissal on the *Rooker-Feldman* doctrine.

## 3.     Statute of Limitations

The district court also regarded Ms. McGowan's federal claims as untimely. We agree.

As the district court explained, Colorado law provides a two-year period of limitations. Ms. McGowan alleges that the wrongful act occurred

---

[1]     Claim preclusion is not jurisdictional. *See Skinner v. Switzer*, 562 U.S. 521, 532 (2011) ("If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." (quotations and brackets omitted)).

3

in 2013, and she waited almost five years to sue.[2] So the action is time-barred.

**4.    Allegations of Conspiracy**

For the first time on appeal, Ms. McGowan generally alleges a conspiracy between Wal-Mart and at least some of the attorneys who represented her in state court. Ms. McGowan asks our court to investigate. Appellant's Br. at 2–3.

Ms. McGowan forfeited this claim by failing to raise it in district court. *Pro se* litigants are bound by the generally applicable rules of procedure, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005), and we consider arguments newly raised on appeal only in the "most unusual circumstances," *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1351 (10th Cir. 2017). Ms. McGowan has not identified any "unusual circumstances" here, so we decline to consider this newly presented allegation of a conspiracy.

---

[2]    The district court gave Ms. McGowan an opportunity to argue equitable tolling. But she did not present such an argument.

* * *

The district court properly dismissed the action as untimely, so we affirm.[3]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3] A dismissal based on timeliness would ordinarily be with prejudice. *See United States ex rel. Conner v. Salina Reg. Health Ctr., Inc.*, 543 F.3d 1211, 1226 (10th Cir. 2008) (concluding that because the state-law claims were barred by the statute of limitations, the district court should have dismissed these claims with prejudice). Here the dismissal was without prejudice. But because we are upholding dismissal based on timeliness, the dismissal functions effectively as a dismissal with prejudice. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.").